IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE: PETER SZANTO, | Case No. 3:21-cv-1712-SI |
| Debtor, | Bankr. Case No. 3:16-bk-33185-pcm7<br>Adv. No. 3:18-3029-pcm |
| PETER SZANTO, | |
| Appellant, | OPINION AND ORDER |
| v. | |
| CANDACE AMBORN, Chapter 7 Trustee, | |
| Appellee. | |

**Michael H. Simon, District Judge.**

In this bankruptcy appeal, Appellant Peter Szanto (Szanto) challenges the Order Granting

Stipulation to Dismiss Adversary Proceeding dated October 27, 2021, issued by the United

States Bankruptcy Court for the District of Oregon (Bankruptcy Court). ECF 8-1 at 4. The

Adversary Proceeding was filed by the former Chapter 7 Trustee Stephen P. Arnot, who has

since been replaced by Candace Amborn (Chapter 7 Trustee).[1] *Id.* Before the Court is the motion

to dismiss filed by the Chapter 7 Trustee. The Chapter 7 Trustee argues that Szanto lacks

standing to bring this appeal. For the reasons that follow, the Court grants the Chapter 7

Trustee's motion to dismiss.

## STANDARDS

"In the bankruptcy context, [the Ninth Circuit has] adopted a prudential test to determine

whether an appellant has standing to appeal as a 'person aggrieved' by the bankruptcy order." *In*

*re Pena*, 974 F.3d 934, 938 (9th Cir. 2020). An appellant is considered "aggrieved if the

bankruptcy court order diminishes the appellant's property, increases his burdens, or

detrimentally affects his rights." *Id.* (quoting *In re Sisk*, 962 F.3d 1133, 1143 (9th Cir. 2020); *see*

*also Matter of Point Ctr. Fin., Inc.*, 890 F.3d 1188, 1191 (9th Cir. 2018) ("Under this prudential

standing doctrine, only a 'person aggrieved,' that is, someone who is directly and adversely

affected pecuniarily by a bankruptcy court's order, has standing to appeal that order." (quotation

marks omitted)). "Ordinarily, a [Chapter 7] debtor cannot challenge a bankruptcy court's order

unless there is likely to be a surplus after bankruptcy." *In re Pena*, 974 F.3d at 938 (quoting *In re*

*P.R.T.C., Inc.*, 177 F.3d 774, 778 n.2 (9th Cir. 1999)) (alteration added in *In re Pena*). Courts

have made an exception when the debtor claimed entitlement to property that the trustee

allegedly has abandoned. *Id.* Courts also "generally do not invoke this test in instances in which

the appellant was the party that brought the motion at issue on appeal." *In re Sisk*, 962 F.3d

at 1143 (simplified). This is "because the purpose of the doctrine—limiting the appeals of remote

---

[1] The Chapter 7 Trustee is referenced as the "Chapter 7 Trustee," regardless of who was
in the position at the relevant time.

non-parties—is not implicated when the appellant is the party below and remains integrally connected to the issues on appeal." *Id.*

## BACKGROUND

In August 2016, Szanto filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code, which was subsequently converted to a proceeding under Chapter 7 over Szanto's objection. *See In re: Peter Szanto*, Bankr. Case No. 3:16-bk-33185-pcm7, ECF 278 (Bankr. D. Or. Jan. 21, 2021) [hereinafter Main Bankr. Case]. In April 2018, the Chapter 7 Trustee filed a complaint (the Adversary Proceeding) against HSBC Bank, USA; HSBC Bank, Australia Limited; and HSBC Bank, Singapore Limited (collectively, Bank Defendants) for turnover of property of the estate. Main Bankr. Case, ECF 441. *See also In re: Peter Szanto*, Bankr. Case No. 3:16-bk-33185-pcm7, Adv. No. 18-3029-pcm, ECF 18 (Bankr. D. Or. Jan. 21, 2021) [hereinafter Adv. Proc.]. The Chapter 7 Trustee alleged that, but for Bank Defendants contacts with Szanto and solicitation to open foreign accounts at the local branch of HSBC Bank USA, the debtor would not have been able to make foreign transfers of estate property. Adv. Proc., ECF 18 at 4. In July 2018, the Chapter 7 Trustee and the Bank Defendants filed a stipulation to stay the Adversary Proceeding for 90 days, "to explore alternative resolutions to this dispute to minimize the expenditure of resources by the parties and the Court," and the Bankruptcy Court granted the stipulation. Adv. Proc., ECF 22 at 2.

In September 2019, Szanto filed in the Adversary Proceeding numerous motions, including a motion for a more definite statement, a motion for disqualification of the Bankruptcy Judge, Hon. Peter C. McKittrick, and a motion to intervene. *See* Adv. Proc., ECF 26, 27, 29. The Bankruptcy Court held that the "Court will decide the Motion to Intervene in due course" and denied Szanto's remaining motions. Adv. Proc., ECF 28 at 1-2. The Bankruptcy Court did not rule on this motion and proceedings continued. In October 2021, the Chapter 7 Trustee and the

Bank Defendants stipulated to dismissal of the Adversary Proceeding and the Bankruptcy Court subsequently issued an order granting the dismissal with prejudice. ECF 8-1 at 5-6. Szanto appeals that dismissal order to this Court. The Chapter 7 Trustee moves to dismiss the appeal, arguing that Szanto does not have standing.

## DISCUSSION

Szanto argues, *inter alia,* that the Bankruptcy Court erred by failing to rule on Szanto's motion to intervene and thus: "Appellees could more effectively pursue their campaign of expropriation, confiscation and murder without judicial oversight and outside all bounds of [b]ankruptcy law and in contravention of all decent human morality." ECF 8-1 at 14. The Chapter 7 Trustee argues that Szanto lacks appellate standing because he is not a "person aggrieved" by the Bankruptcy Court's order.

As noted above, only a "person aggrieved"—someone who is directly and adversely affected pecuniarily by a bankruptcy court's order—has standing to appeal. *Matter of Point Ctr. Fin., Inc.*, 890 F.3d at 1191. Chapter 7 bankruptcy proceedings extinguish a "debtor's legal rights and interests in any pending litigation, and transfers those rights to the trustee, acting on behalf of the bankruptcy estate." *Kane v. Nat'l Union Fire Ins. Co.,* 535 F.3d 380, 385 (5th Cir.2008) (per curiam) (quotations omitted). In bankruptcy proceedings, it is "well understood that a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed." *Id.*

Because Chapter 7 proceedings are underway, Szanto's legal rights and interests are transferred to the Chapter 7 Trustee on behalf of the bankruptcy estate. *See id.* Therefore, in order for Szanto to have standing to appeal the order granting dismissal of the Adversary Proceeding, Szanto must demonstrate that he otherwise is a "person aggrieved" by the

Bankruptcy Court order. *See In re Pena*, 974 F.3d at 938; *see also In re Fondiller*, 707 F.2d 441, 442 (9th Cir. 1983) ("Only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order.").

Szanto argues that he is aggrieved by the dismissal in numerous ways. Szanto claims the dismissal of the Adversary Proceeding: (1) affected Szanto's ability to protect "non-[b]ankruptcy money and property" located in Singapore and Australia; (2) denied Szanto his First and Fifth Amendment rights "to participate in litigation to protect his property"; (3) made Szanto and his wife "involuntary [b]ankrupts" in Singapore; (4) negatively affected the health and life of Szanto's wife; (5) deprived Szanto of his "mandatory right of intervention"; and (6) involved duplicate proceedings in order to increase costs. *See* ECF 14. The Court rejects Szanto's third and fourth claims because they lack any evidentiary, factual, or legal bases. The Court addresses Szanto's remaining arguments.

### 1. "Non-Bankruptcy" Money

Szanto argues that the Adversary Proceeding was an attempt to "loot, steal and confiscate Susan Szanto's money and property in the sovereign, independent nations of Australia and Singapore." ECF 14 at 4. (footnote omitted). Szanto also asserts that the Chapter 7 Trustee's efforts in the Adversary Proceeding "and the litigation in Singapore were entirely focused on confiscation and expropriation of Susan Szanto's money and property." *Id.* at 7. At the same time, Szanto claims that he is a person aggrieved, stating that "as matters of fact, law and reality, [Szanto] is the most important, most crucial, most affected person in all of this universe, and any alternate universe which might exist." *Id.* at 3.

Szanto's arguments are inconsistent. If, as he states, the assets involved in the Adversary Proceeding were "non-bankruptcy money" belonging to Susan Szanto, Szanto is not a person aggrieved by any order involving funds that he contends do not belong to him, or the dismissal of

the Adversary Proceeding relating to a claim for such funds. This Court has previously rejected Szanto's arguments that he was an "person aggrieved" for the purposes of appellate standing for property over which he had disclaimed an interest. *See In re Szanto*, 2022 WL 316924, at *4 (D. Or. Feb. 2, 2022) (holding that Szanto was not a "person aggrieved" for an order involving property belonging to a corporation for which Szanto claimed no interest or benefit and that even if Szanto's wife and children were "persons aggrieved" as beneficiaries Szanto could not represent their interests because Szanto is not an attorney). Here, Szanto's argument fails for the same reasons: Szanto cannot be aggrieved by an order about assets that Szanto claims are not his.[2]

### 2. Constitutional Claims

Szanto argues that he has a constitutional right to participate in litigation to protect his property and that his due process rights were violated when Judge McKittrick did not rule on his motion to intervene. As discussed above, Szanto continually has argued that the assets involved in the Adversary Proceeding are not his. Further, the Adversary Proceeding resulted in a stipulated dismissal, nothing more. The Bankruptcy Court did not issue an order affecting any assets. What Szanto appears to be arguing is that he wants the litigation to continue so he can intervene and make some argument in the case about assets that he contends are not his. He fails to show that he has a constitutional right to do so.

---

[2] Susan Szanto passed away before this appeal was filed. Szanto, however, filed this appeal in his personal capacity and does not purport to appeal on behalf of the estate of Susan Szanto, nor does it appear that Susan Szanto moved to intervene in the Adversary Proceeding. Additionally, the Court has held that Szanto, who is not an attorney, may not represent the estate of Susan Szanto. *See Susan Szanto v. Amborn*, Case No. 3:19-cv-213-SI, ECF 55 (Order dated January 24, 2022); ECF 62 (Order dated April 21, 2022).

Additionally, Szanto's argument primarily stems from his assertion that his constitutional rights were violated because Judge McKittrick did not rule on Szanto's motion to intervene. Failure to rule on a motion to intervene can be interpreted as an implicit denial of that motion. *Toronto-Dominion Bank v. Cent. Nat. Bank & Tr. Co.*, 753 F.2d 66, 68 n.5 (8th Cir. 1985) ("Denial of a pending motion may be implied from the entry of final judgment or any order inconsistent with the granting of the motion." (citing *Addington v. Farmer's Elevator Mutual Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)). Thus, when Judge McKittrick dismissed the Adversary Proceeding, the Court implies that Judge McKittrick denied Szanto's motion to intervene.

Further, the Ninth Circuit has rejected a debtor's claim of violation of due process when a bankruptcy court failed to approve a petition for new counsel, particularly when the debtor did not provide an explanation of how counsel would have argued differently, were the petition granted. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 959 (9th Cir. 1994). Similarly, Szanto's claim that his due process rights were violated by the Bankruptcy Court's failure to rule on his motion fails. Szanto has not offered any evidence or argument that the Bankruptcy Court would have granted his motion for intervention if the Bankruptcy Court would have specifically ruled on it or that the Bankruptcy Court would have ruled differently on the stipulated motion for dismissal if Szanto had been allowed to intervene and had opposed the dismissal. Indeed, Szanto does not even assert that if he had been allowed to intervene he would have opposed the dismissal. Moreover, Szanto fails to articulate how the Bankruptcy Court's failure to rule on, or implicit denial of, Szanto's motion for intervention and dismissal of the case affected Szanto's pecuniary interest or decreased his property when he claims he has no interest in the underlying property, increased his burden when the case was dismissed with prejudice, or detrimentally affected his rights. The Court rejects Szanto's argument that his due process rights were violated.

### 3.  Intervention as of Right

Szanto claims that because Judge McKittrick did not rule on Szanto's motion to intervene, Szanto was deprived of a "mandatory" right of intervention. Szanto also claims that the Adversary Proceeding involved "a wholly superfluous action in Oregon while pursuing the same exact cause of action in the Republic of Singapore." ECF 14 at 13. Liberally construing these arguments, the Court considers this a claim that Szanto was deprived of the ability to intervene as a matter of right under Rule 7024 of the Federal Rules of Bankruptcy Procedure, and the litigation in Singapore is evidence that the Chapter 7 Trustee was not properly representing Szanto's interests.

Bankruptcy Rule 7024 directs that intervention in adversary proceedings is governed by Rule 24 of the Federal Rules of Civil Procedure. *See* Bankr. R. 7024. To intervene as of right under Rule 24(a)(2), an intervenor must satisfy four requirements:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).

Szanto moved to intervene and argued that his interest in the property is related to "post-petition assets and income" having "some pre-petition liability to the Bankruptcy estate sought by the Trustee." Adv. Proc., ECF 26 at 4. As discussed above, Szanto has not shown that he has a direct and substantial interest in the property. To the contrary, he has disavowed any direct interest in the property. Thus, intervention as of right fails at this factor and Szanto is not aggrieved by the Bankruptcy Court's failure to expressly rule on the motion.

Even if Szanto could have shown a sufficient direct interest in the property, Szanto must demonstrate that his interest would be impaired without intervention. Also as discussed above, he fails to show how any interest he might have in the property is impaired with the Adversary Proceeding being dismissed with prejudice and without any order that affected the underlying property. Thus, intervention fails at the second step and Szanto fails to show that the Bankruptcy Court erroneously kept Szanto from intervening as of right.

Finally, even if Szanto could show the above factors, he also must show that the existing parties will not adequately protect his interest. This burden "is at its most onerous where an existing party is under a legal obligation to represent the interests asserted by the putative intervenor." *In re Thompson*, 965 F.2d 1136, 1142 (1st Cir. 1992), *as amended* (May 4, 1992). Indeed, "[t]he presumption of adequacy that attaches to representation undertaken in the performance of a fiduciary duty is not overborne by mere conclusory speculation. Rather, the putative intervenor must assert *concrete* facts" demonstrating the inadequacy of existing representation. *Id.* (emphasis in original). This can be done by showing that "(1) the existing representation of the putative intervenor's interests is inhibited by the personal interests of the existing representative, (2) the existing representative and the opposing party are engaged in collusive activities, or (3) the existing representative has failed or refused to fulfill the fiduciary duty to protect the interests asserted by the putative intervenor." *Id.*

Szanto does not point to any *concrete facts* that his interests were not properly represented by the Chapter 7 Trustee. Instead, in his motion to intervene Szanto broadly accused the Chapter 7 Trustee of "fabricating tall and nonsense tales," and argued that the action "focused on misconstruing, misunderstanding, misapplying and misappropriating debtor's money." Adv. Proc., ECF 26 at 4. Before this Court Szanto makes similarly broad arguments that

the Chapter 7 Trustee engaged in wasteful and unnecessary litigation and looting. The Chapter 7 Trustee explained why she shifted from pursuing the Singapore assets in the Oregon proceedings and pursued proceedings in Singapore, believing that to be the most efficient approach. Szanto's general and speculative assertions are insufficient to show that his interests, were he to have any, were not sufficiently represented.

Szanto fails to demonstrate that he had a direct interest that was impaired by his inability to intervene and fails to state concrete facts that any potential interest was inadequately represented. Thus, Szanto's argument that the Bankruptcy Court erred by denying Szanto intervention as of right, giving him standing as an aggrieved person, fails.

### 4. Conclusion

Considering Szanto's express disavowal of any interest in the underlying property and the fact that the Adversary Proceeding resulted in a dismissal with prejudice and not in any order affecting the underlying property, the Court finds that Szanto was not directly or adversely affected pecuniarily by the Order of dismissal or otherwise have his property decreased, burdens increased, or rights detrimentally affected. Accordingly, Szanto is not a person aggrieved by the Order and, therefore, Szanto lacks standing to pursue this appeal.

**CONCLUSION**

The Court GRANTS the Chapter 7 Trustee's Motion to Dismiss (ECF 11).

**IT IS SO ORDERED**.

DATED this 22nd day of April, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge